# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**EMMIT R. HARRIS,**
        Petitioner,

v.                                       Case No. 17-C-0608

**PAUL S. KEMPER, Warden,**
**Racine Correctional Institution,**
        Respondent.

## DECISION AND ORDER

On March 11, 2002, Emmit Harris entered an *Alford* plea in state court to one count of first-degree sexual assault of a child and pleaded no contest to a second count of first-degree sexual assault of a child and one count of first-degree recklessly endangering safety. After Harris was convicted and sentenced that June, he filed a notice of intent to pursue post-conviction relief, but he never filed a post-conviction motion or notice of appeal. Years later, on December 6, 2016, Harris filed a petition for a writ of habeas corpus in state court, which the state court promptly dismissed. Then, on January 13, 2017, Harris filed a motion in state court for relief pending appeal—although, as the state court noted, there was no appeal pending in his case—which the state court denied. Finally, Harris filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, arguing that he is in custody in violation of the U.S. Constitution.

Respondent moves to dismiss Harris's petition arguing that the procedural default doctrine bars federal review of his claims because he did not fairly present them in state court and cannot do so now. *See Thomas v. Williams*, 822 F.3d 378, 384 (7th Cir. 2016) (quoting *Ward v. Jenkins*, 613 F.3d 692, 696 (7th Cir. 2010)). Harris does not

dispute that his claims are procedurally defaulted, so he can only proceed if his procedural default can be excused.

Harris's procedural default may be excused if he can show "cause for the default and actual prejudice." *Id.* at 386 (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). As cause for his default, Harris asserts that his court-appointed attorney on direct appeal from his conviction neglected his case and let important filing deadlines lapse. Abandonment by counsel may constitute cause to excuse a procedural default, but Harris has not shown that he was "left without any functioning attorney of record," much less that he was "[g]iven no reason to suspect that he lacked counsel able and willing to represent him," as required to establish abandonment in this context. *See Maples v. Thomas*, 565 U.S. 266, 288–89 (2012).

Short of abandonment, constitutionally ineffective assistance of counsel on direct appeal from a state criminal conviction may provide cause to excuse a procedural default. But "a claim of ineffective assistance" must "be presented to the state courts as an independent claim before it may be used to establish cause." *Murray v. Carrier*, 477 U.S. 478, 489 (1986). Harris did not fairly present a claim of ineffective assistance of appellate counsel to the state courts, so that claim is "itself . . . procedurally defaulted." *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). As Harris has not shown "that that procedural default may . . . be excused," he cannot assert the ineffective assistance of his appellate attorney as cause for the procedural default of his other claims. *See id.*

Apart from his attorney's neglect, Harris cites his history of mental illness and intellectual disability as cause for his failure to properly present and exhaust his claims in state court. "The Supreme Court," though, "has defined cause sufficient to excuse

procedural default as 'some objective factor *external* to the defense' which precludes petitioner's ability to pursue his claim in state court." *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003) (emphasis added) (quoting *Murray*, 477 U.S. at 488). Mental illness and disability—like "youth, lack of education, and illiteracy"—are normally not considered "factors . . . 'external' to [the] defense." *Id.* at 669. Harris does not explain, and I cannot discern, why this general rule would not apply here.

Harris's procedural default may yet be excused if he can show "that failure to consider [his] claims will result in a fundamental miscarriage of justice." *Thomas*, 822 F.3d at 386 (quoting *Coleman*, 501 U.S. at 750). To establish a fundamental miscarriage of justice, a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Harris says that, although he is innocent, he confessed to his crimes because a detective violated his constitutional rights while interrogating him—e.g., by ignoring his request for an attorney. He also cites a recent clinical evaluation of his intellectual disability as "new evidence" of his vulnerability to coercion. Yet, Harris was convicted based on his pleas, not his confession, and he does not explain how the supposed constitutional violations that he describes "resulted in" his conviction. Further, Harris's arguments and evidence that he was vulnerable and succumbed to unlawful coercion do little, if anything, to suggest that his resulting confession was false, much less that he is actually innocent. Thus, he does not show that failure to consider his claims will result in a fundamental miscarriage of justice.

**THEREFORE, IT IS ORDERED** that respondent's motion to dismiss (Docket No. 22) is **GRANTED**. The Clerk of Court shall enter final judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Harris's motion for an order correcting his sentence (Docket No. 25) is **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 8th day of May, 2018.

        s/Lynn Adelman
        LYNN ADELMAN
        District Judge